UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) No. 5:19-CR-30-GFVT-MAS |
| v. | ) |
| MARCOS REYES-ARGUELLO, | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Defendant Reyes-Arguello appeared before the Court on February 14, 2019, for an initial appearance and an arraignment on an indictment. The United States moved to detain the defendant, and Reyes-Arguello, in turn, requested a detention hearing. The United States objected to that request at the hearing, arguing that because there is a Bureau of Immigration and Customs Enforcement ("ICE") administrative detainer lodged against Defendant, the issue of detention is not ripe.[1] The Court requested the parties brief the issue [*see* DE 11 and 13] and the matter is now ripe for decision.

The issue before the Court is the Bail Reform Act ("BRA") and the effect of an ICE detainer on a defendant's right to a detention hearing. To be more specific, at issue is the interaction and conflict created between the BRA and the Immigration and Nationality Act ("INA"). The BRA prioritizes release. It is only upon the motion of the United States that the BRA imposes the requirement of a detention hearing, and only in certain circumstances (i.e.,

---

[1] In its written response to Defendant's motion, the United States focused primarily on whether Defendant should be released, not whether he is entitled to a detention hearing. [DE 16]. At the arraignment, however, counsel for the United States specifically objected to the Court even conducting a detention hearing where a defendant is subject to an ICE detainer.

certain offenses, a "serious risk" of flight, or a threat of obstruction of justice).[2] The BRA mandates that a defendant should only be detained pre-trial where no set of conditions will assure a defendant's appearance and/or the protect the public from future harm. In contrast, the INA prioritizes swift deportation of aliens illegally present in the United States. *See* 8 C.F.R. § 287.7.

Nowhere in the BRA does it state that a defendant with an ICE detainer is not entitled to a hearing. Subsection (d) of 3142 states that if the judicial officer determines that a defendant:

> (B) is not a citizen of the United States or lawfully admitted for permanent residence, as defined in section 101(a)(20) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(20)); and
>
> (2) such person may flee or pose a danger to any other person or the community; such judicial officer shall order the detention of such person, for a period of not more than ten days[.]

18 U.S.C. § 3142 (d)(1)(B) and (2). In contrast, when ICE places a detainer on an individual, the detainer advises other law enforcement that the Department of Homeland Security intends to take custody of individual for the "purpose of arresting and removing the alien." 8 C.F.R. § 287.7. Upon an order of removal, the government must remove the alien within 90 days. This raises the question of whether a defendant released on bond is truly "released" or still "confined" in some manner such that release on bond would allow the detainer to take effect and the 90-day time period to begin to run. The interaction between the INA and the BRA further asks whether the Attorney General, as the head of the Department of Justice and the executive responsible for the timely removal of aliens, must choose between prosecuting the defendant or removing him due to his alien status, or even confining him pursuant to the ICE detainer beyond 90 days so that he may stand trial.

---

[2] The United States concedes that the rebuttable presumption for detention set forth in 18 U.S.C. § 3142 does not apply in this case.

Although there is no consistent handling of these cases across the country, district courts in the Sixth Circuit have more often held that a "release on bail pending criminal trial under the BRA does not prevent ICE from acting on its own accord to take custody of the individual and begin removal proceedings." *United States v. Valadez-Lara*, 2015 WL 1456530, at *3 (N.D. Ohio, March 30, 2015); *see also, United States v. Sedano–Garcia,* 2013 WL 1395769 at *1 (E.D. Mich., April 5, 2013) (defendant was granted bond despite the presence of an ICE detainer). This Court cannot more eloquently describe the tension between the BRA and the INA, and the various conclusions courts have reached, than the Northern District of Ohio did in similar circumstances:

> The Government proposed that by itself the existence of an ICE detainer creates a presumptive risk of non-appearance and thus, should in effect create an exception to the requirements of the BRA. *See e.g.*, *United States v. Magallon–Toro*, 2002 WL 31757637 (N.D. Tex. Dec. 4, 2002) (holding a defendant with a removal order is subject to immediate deportation and thus, there is no combination of conditions that will assure his appearance for trial); *United States v. Pantaleon–Paez*, 2008 WL 313785 at *3 (D. Idaho Feb. 1, 2008) ("In light of the BICE detainer, no conditions of release can be imposed which will ensure Defendant's appearance."); *United States v. Sanchez–Valdivia*, 2008 WL 5104688 at *2 (D. Minn. Nov. 26, 2008).
>
> However, this argument supposes it would be appropriate to simultaneously pursue removal and criminal proceedings; by no means a foregone conclusion. The Ninth Circuit, in an unpublished *per curiam* Order, addressed whether anticipated removal was justification, on its own, to detain an individual; it found if defendant was released on bail he would still be confined and thus, not eligible for immediate removal. *United States v. Castro–Inzunza*, No. 12–30205, Dkt. 9 (9th Cir. July 23, 2012), at *2–3. Many other courts have rejected the argument that by itself, an ICE detainer creates an exception to the requirements of the BRA. *See United States v. Barrera–Omana*, 638 F.Supp.2d 1108, 1111 (D. Minn. 2009) (holding allowing an ICE detainer exception negates the clear statutory language which requires an individualized assessment of individuals before the court); *United States v. Montoya–Vasquez*, 2009 WL 103596 (D. Neb. Jan. 13, 2009) ("... it would effectively mean that no aliens against whom ICE places detainers could ever be released on conditions. Such a harsh result is nowhere expressed or even implied in the BRA."). This Court refuses to acknowledge an automatic exception to the BRA and abandon the individualized assessment without explicit guidance from Congress.

*U.S. v. Valadez-Lara*, 2015 WL 1456530, at *5 (N.D. Ohio, March 30, 2015). The Court in *Valadez-Lara* concluded that the Executive Branch must determine, ultimately, whether the public's interest in quickly deporting the alien outweighs the public's interest in prosecuting him.[3] *Id*. The judicial branch cannot make this determination for the Executive Branch by refusing to hold a detention hearing when a defendant is otherwise entitled to one.

Accordingly, the Court only decides here, for the same reasons as set forth in *U.S. v. Valadez-Lara*, that neither the INA nor the BRA precludes the Court from holding a detention hearing for a defendant with an ICE detainer. The Court will apply the § 3142(g) factors to a defendant with an ICE detainer in the same manner as any other defendant. The fact that he is subject to an ICE detainer will be considered, particularly in assessing the defendant's flight risk, but will not be automatically determinative of the defendant's detention status.

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion for a Detention Hearing [DE 11] is **GRANTED** and the Court schedules a **DETENTION HEARING** on February 28, 2019, at 2:00 p.m. in Lexington.

Entered this 26th day of February, 2019.

---

[3] In the end, the Court in *Valadez-Lara* held that, because the statutory conditions of release under the BRA prohibit commission of another federal crime, detention was necessary because a proposed illegal alien was continually committing another federal crime by remaining in the United States. *Id*. at *8. The issue before this Court, however, is not whether Reyes-Arguello should be released, but whether any defendant subject to an ICE detainer is entitled to a detention hearing. Accordingly, the Court does not reach the conclusion of *Valadez-Lara* and reserves the issue of whether Reyes-Arguello should be released on bond for determination at the detention hearing.

